**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARLOS YENNJHART PEREZ MARINO

       Petitioner,

v.

PAMELA BONDI, in her official capacity as
Attorney General of the United States;
KRISTI NOEM, in her official capacity as
Secretary, U.S. Department of Homeland
Security; MARY DE ANDA-YBARRA, in
her official capacity as Field Office Director
of the El Paso Field Office of Enforcement
and Removal Operations, U.S. Immigration
and Customs Enforcement; TODD M.
LYONS, in his official capacity as Acting
Director, Immigration and Customs
Enforcement, U.S. Department of Homeland
Security; and DORA CASTRO, in her
official capacity as Warden of Otero County
Processing Center,

       Respondents.

Case No. 2:26-cv-00503-MIS-JFR

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Carlos Yennjhart Perez Marino's Petition

for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 20, 2026. The Court issued the

applicable Order to Show Cause, ECF No. 4, on February 23, 2026.

Respondents Pamela Bondi, Kristi Noem, Todd Lyons, and Mary De Anda-Ybarra,

("Federal Respondents") filed a Response to the Petition, ECF No. 6, on March 16, 2026.

Counsel for the federal Respondents acknowledges the facts of this case are "substantially

similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026),

and concede that "the Court's decision in Duhan v. Noem, would control the result here if the Court

adheres to that decision, as the facts are not materially distinguishable.…" Resp. at 2, ECF No. 6. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  Id. at 2-3.

Ultimately, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Petitioner Carlos Yennjhart Perez Marino's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner from detention;

3.      Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

4.      Respondents **SHALL RETURN** all personal belongings to Petitioner and provide him with all necessary documents sufficient to board and travel by commercial domestic air.  This includes, but is not limited to, Petitioner's identification card and a DHS form authorizing Petitioner's travel by commercial domestic air;

5.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3